JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ANGELA THAXTON

**(b)** County of Residence of First Listed Plaintiff    Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Brian C. Farrell, Esq.  The Gold Law Firm, P.C.
1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999

## DEFENDANTS

LABORATORY CORPORATION OF AMERICA HOLDINGS

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government
Plaintiff

- [ ] 2 U.S. Government
Defendant

- [x] 3 Federal Question
*(U.S. Government Not a Party)*

- [ ] 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans w/Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq.

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    [x] Yes    [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
12-19-2025

SIGNATURE OF ATTORNEY OF RECORD
/s/BRIAN C. FARRELL, ESQUIRE  I.D. No.: #319145  Attorney For Plaintiff

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 534 2nd Avenue, #104, Collegeville, PA  19426 _____

---

*RELATED CASE IF ANY:*  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                      Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?      Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?           Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ■ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.  Federal Question Cases:*

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Wage and Hour Class Action/Collective Action
- ☐ 6.  Patent
- ☐ 7.  Copyright/Trademark
- ☒ 8.  Employment
- ☐ 9.  Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.  Diversity Jurisdiction Cases:*

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify)*:_____
- ☐ 7.  Products Liability
- ☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ■ **does not** have implications beyond the parties before the court and ☐ **does** / ■ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ANGELA THAXTON | : | CIVIL ACTION NO: |
| | : | |
| v. | : | |
| LABORATORY CORPORATION OF | : | |
| AMERICA HOLDINGS | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (☑)


| 12/19/2025 | /s/ Brian C. Farrell, Esq. | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | bfarrell@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGELA THAXTON | CIVIL ACTION NO.: |
| Plaintiff, | |
| v. | |
| LABORATORY CORPORATION OF AMERICA HOLDINGS | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Plaintiff Angela Thaxton ("Plaintiff"), through her undersigned counsel, brings this civil action against Defendant Laboratory Corporation of America Holdings ("Defendant" or "LabCorp"), and in support thereof avers as follows:

## I.    PRELIMINARY STATEMENT

1.      Plaintiff was a loyal employee of LabCorp for nearly five years. She underwent hip replacement surgery in July 2023 and, after months of recovery, was eager to return to work. A car accident in January 2024 caused additional injury to her hip, but her physician still cleared her to return. All she needed were modest, temporary accommodations: a cane for stability, and fifteen-minute sitting breaks each hour. That was it. A cane and a chair.

2.      LabCorp refused. Rather than permit a dedicated employee to return to her job with these simple accommodations, LabCorp insisted that Plaintiff remain on leave until she had no restrictions whatsoever. When Plaintiff complained about this unlawful refusal to accommodate her disability, LabCorp retaliated against her by transferring her to a worksite in Paoli, Pennsylvania, roughly forty minutes from her home, then terminating her employment entirely,

1

and then contesting her application for unemployment compensation in a final act of spite. And then, when Plaintiff later applied for a phlebotomist position with LabCorp, the company refused to even interview her.

3.    This is an action for compensatory damages, back pay, front pay, punitive damages, costs, and attorneys' fees arising out of LabCorp's unlawful discrimination against Plaintiff on the basis of her disability, LabCorp's failure to provide Plaintiff reasonable accommodations, and LabCorp's unlawful retaliation against Plaintiff for requesting reasonable accommodations and opposing unlawful discrimination in the workplace, all in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.* ("PHRA").

## II.    **JURISDICTION AND VENUE**

4.    This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's PHRA claims pursuant to 28 U.S.C. §1367.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

6.    All conditions precedent to the institution of this lawsuit have been fulfilled. Plaintiff filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on July 10, 2024. Plaintiff filed an Amended Charge of Discrimination on August 28, 2024, and a Second Amended Charge of Discrimination on September 17, 2024.

7.    On or about September 22, 2025, Plaintiff received a Notice of Right to Sue from the EEOC. This Complaint is filed within 90 days of Plaintiff's receipt of this notice.

III.  **PARTIES**

8.      Plaintiff is an adult woman who resides in Phoenixville, Pennsylvania.

9.      Defendant is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 531 South Spring Street, Burlington, North Carolina 27215. At all relevant times, Defendant maintained a facility located at 534 2nd Avenue, #104, Collegeville, Pennsylvania 19426, where Plaintiff primarily worked.

10.     At all relevant times, Defendant was an "employer" within the meaning of the ADA and PHRA.

11.     At all relevant times, Plaintiff was an "employee" of LabCorp within the meaning of the ADA and PHRA.

IV.  **FACTUAL ALLEGATIONS**

12.     LabCorp employed Plaintiff from October 7, 2019 until April 10, 2024, the date of her unlawful termination.

13.     Throughout her employment with LabCorp, Plaintiff held the position of Patient Service Technician.

14.     At all relevant times, Plaintiff performed her duties in a diligent and competent manner.

15.     As a Patient Service Technician, Plaintiff reported directly to Sonia Patel ("Patel"), Supervisor.

*Plaintiff's Disability and Need for Accommodation*

16.     In or around summer 2021, Plaintiff's physician diagnosed her with arthritis and calcification of her right hip.

17.     These medical conditions constituted disabilities under the ADA and the PHRA,

in that they substantially impaired one or more of Plaintiff's major life activities, including walking and standing.

18.    In or around June 2023, Plaintiff elected to undergo right hip replacement surgery as treatment for her disabilities.

19.    In or about early June 2023, Plaintiff requested to take a medical leave of absence with Patel in connection with her need for surgery.

20.    Approximately two weeks later, Plaintiff requested to go on a medical leave of absence under the Family and Medical Leave Act ("FMLA") as a reasonable disability accommodation with LabCorp's third-party leave administrator, Alight. Plaintiff requested this leave for a definite period of time in connection with her surgery, and supplied Alight with documentation from her physician substantiating her medical need for the same.

21.    On or about July 28, 2023, Plaintiff commenced her medical leave, which was approved by LabCorp.

22.    During Plaintiff's medical leave of absence, her physician's office kept Alight apprised of her continued need for said leave and furnished them with medical documentation substantiating the same.

23.    On or about July 31, 2023, Plaintiff underwent right hip replacement surgery.

*LabCorp's Refusal to Provide Reasonable Accommodations*

24.    On or about November 22, 2023, Plaintiff's physician cleared her to return to work with LabCorp beginning on December 4, 2023. Due to her physical condition, Plaintiff's physician recommended that she return on a part-time basis for the first several weeks as she continued to recover. Plaintiff's physician assured her that despite her medical restrictions, she would still be able to perform the duties associated with her role.

25.    On or about that same day, Plaintiff's physician sent a medical note to Alight permitting Plaintiff to return to work part-time beginning on December 4, 2023.

26.    Later that day, Plaintiff informed Patel of her physician's recommendations and requested to return to work on December 4, 2023. Plaintiff also requested to work part-time, five hours each day, as a reasonable disability accommodation.

27.    In response, Patel assured Plaintiff that she would communicate her request to Amanda (surname unknown) ("Amanda"), Regional Director, and let Plaintiff know whether LabCorp approved her request.

28.    On approximately November 29, 2023, Plaintiff's physician's office sent Alight medical documentation clearing Plaintiff to return to work. This documentation also requested that Plaintiff be permitted to take intermittent medical leave between December 4, 2023 and June 1, 2024 for episodic flare-ups of her physical condition as a reasonable disability accommodation.

29.    The documentation also requested that Plaintiff be permitted to work five-hour shifts until medically cleared, that she not perform pushing, pulling, or carrying more than ten pounds, or bending, twisting, stooping, kneeling, squatting, sitting and looking into a microscope, climbing, reaching above her shoulder, or reaching more than four hours each day as additional reasonable disability accommodations. The documentation specified that these restrictions were temporary.

30.    Even with the requested accommodations, Plaintiff was still able to perform the essential functions of her role.

31.    After receiving no response from Patel, on or about December 1, 2023, Plaintiff called Patel seeking an update regarding her requests. When Patel answered, she added Amanda to the call. Patel and Amanda then both denied Plaintiff's request to return to LabCorp on a part-

time basis.

32.     In response, Plaintiff reminded Patel and Amanda that her requested disability accommodation was only temporary and that she had no medical restrictions preventing her from performing the duties associated with her role. Plaintiff also added that, depending on the progress of her recovery, her physician could permit her to continue working full-time in just days.

33.     Yet Patel and Amanda insisted that Plaintiff not return to work until she had no medical restrictions, necessitating that she remain on a medical leave of absence.

34.     Due to LabCorp's refusal to accommodate Plaintiff, on or about December 4, 2023, Plaintiff's physician sent medical documentation to Alight requesting an extension of her medical leave of absence to January 18, 2024 as a reasonable disability accommodation.

*The Car Accident*

35.     On or about January 12, 2024, Plaintiff was injured during a motor vehicle accident, causing further damage to her hip.

36.     On or about January 17, 2024, Plaintiff received additional medical evaluation from her physician, who notified her that he intended to clear her to return to work in two weeks.

37.     On or about that same day, Plaintiff's physician sent a note to Alight informing them of the same, and that Plaintiff required the use of a cane in connection with her motor vehicle accident.

38.     On or about February 1, 2024, Plaintiff's physician cleared her to return to work with LabCorp as of that date, with only two accommodations: use of a cane as needed and fifteen-minute sitting breaks every hour.

39.     On or about February 1, 2024, Plaintiff's physician sent medical documentation to Alight clearing Plaintiff to return to work with the aforesaid accommodations. This documentation

specified that these accommodations were to remain in place until Plaintiff's follow-up appointment on March 4, 2024.

40.    On or about that same day, Plaintiff called Patel to tell her that she had been cleared to return to work with said accommodations.

41.    In response, Patel refused to permit Plaintiff to return to work despite having been cleared by her physician to do so, stating that she would need to confirm with Amanda whether LabCorp would approve Plaintiff's requested accommodations.

42.    But LabCorp did not formally respond at that time, forcing Plaintiff to remain at home.

*Plaintiff's Protected Activity and LabCorp's Retaliation*

43.    On or about March 26, 2024, Plaintiff complained to Melissa Brown ("Brown"), Human Resources Representative, that LabCorp was continuing to refuse to permit her to return to work, despite Plaintiff having been cleared by her physician since February 1, 2024.

44.    On or about April 1, 2024, in retaliation for Plaintiff's complaints of disability discrimination, Amanda transferred Plaintiff from the Collegeville location to a different Patient Service Center located in Paoli, Pennsylvania, approximately forty minutes from Plaintiff's home, to work under a different supervisor.

45.    On information and belief, the Paoli site had only one other Technician working there at the time and was far busier than Collegeville.

46.    On or about that same day, Plaintiff informed Amanda that she had a physical therapy appointment on April 3, 2024 and requested time off from work to attend the same as a reasonable disability accommodation. In response, Amanda denied Plaintiff's request, stating that Plaintiff would need to reschedule her appointment.

7

47. On or about April 2, 2024, Amanda called Plaintiff and stated that she expected Plaintiff to begin working at the Paoli site the next day. Plaintiff informed Amanda that she had physical therapy appointments scheduled that week and could not reschedule them. In response, Amanda directed Plaintiff to contact Brown.

*Plaintiff's Termination*

48. On or about April 10, 2024, Brown sent Plaintiff a termination letter stating that LabCorp was terminating her employment, purportedly because Plaintiff was unable to return to work "within a reasonable period of time."

49. LabCorp's stated reason for terminating Plaintiff's employment was pretextual. The true reason LabCorp terminated Plaintiff's employment was because of her disability and in retaliation for her complaints of disability discrimination.

50. On or about April 30, 2024, as a further act of retaliation against Plaintiff for her complaints of disability discrimination, LabCorp appealed and contested the Pennsylvania Department of Labor and Industry's approval of Plaintiff's unemployment compensation benefits.

*LabCorp's Failure to Rehire Plaintiff*

51. On or about July 3, 2024, Plaintiff applied for a phlebotomist position with LabCorp.

52. Plaintiff was qualified for the phlebotomist position.

53. On or about July 30, 2024, LabCorp marked Plaintiff's application as "inactive" without interviewing her for the position.

54. On information and belief, LabCorp filled the phlebotomist position with a non-disabled individual or an individual who had not complained of disability discrimination.

55. LabCorp's failure to interview or hire Plaintiff for the phlebotomist position was

because of her disability and in retaliation for her complaints of disability discrimination.

## COUNT I
### ADA – Disparate Treatment
### Plaintiff v. Defendant

56.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

57.    At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

58.    The foregoing conduct constitutes disability discrimination in violation of the ADA.

59.    Defendant's discrimination against Plaintiff was intentional, willful, and conducted with reckless indifference to Plaintiff's federally protected rights.

60.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer monetary and non-monetary damages.

## COUNT II
### ADA – Failure to Accommodate
### *Plaintiff v. Defendant*

61.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

62.    At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

63.    Plaintiff requested reasonable accommodations that would not have imposed an undue hardship on Defendant.

64.    Defendant failed to engage in a good faith interactive process and failed to provide Plaintiff with reasonable accommodations.

65.    The foregoing conduct constitutes a failure to accommodate in violation of the ADA.

66.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer monetary and non-monetary damages.

## COUNT III
### ADA – Retaliation
### *Plaintiff v. Defendant*

67.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

68.    Plaintiff engaged in protected activity, including requesting reasonable accommodations and complaining about Defendant's failure to accommodate her disability.

69.    Defendant was aware of Plaintiff's protected activity and retaliated against her because of it.

70.    The foregoing conduct constitutes retaliation in violation of the ADA.

71.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer monetary and non-monetary damages.

## COUNT IV
### PHRA – Disparate Treatment
### Plaintiff v. Defendant

72.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

73.    At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the PHRA.

74.    The foregoing conduct constitutes disability discrimination in violation of the PHRA.

10

75.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer monetary and non-monetary damages.

**COUNT V**
**PHRA – Failure to Accommodate**
*Plaintiff v. Defendant*

76.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

77.     At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the PHRA.

78.     Plaintiff requested reasonable accommodations that would not have imposed an undue hardship on Defendant.

79.     Defendant failed to engage in a good faith interactive process and failed to provide Plaintiff with reasonable accommodations.

80.     The foregoing conduct constitutes a failure to accommodate in violation of the PHRA.

81.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer monetary and non-monetary damages.

**COUNT VI**
**PHRA – Retaliation**
*Plaintiff v. Defendant*

82.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

83.     Plaintiff engaged in protected activity, including requesting reasonable accommodations and complaining about Defendant's failure to accommodate her disability.

84.     Defendant was aware of Plaintiff's protected activity and retaliated against her

11

because of it.

85.    The foregoing conduct constitutes retaliation in violation of the PHRA.

86.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer monetary and non-monetary damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant and award Plaintiff the following relief:

a.    Compensatory damages for lost wages, including back pay and front pay, and lost benefits;

b.    Compensatory damages for non-monetary harm including emotional distress, humiliation, embarrassment, and mental anguish;

c.    Punitive damages;

d.    Pre-judgment and post-judgment interest;

e.    Reasonable attorneys' fees and costs of suit;

f.    Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

THE GOLD LAW FIRM, P.C.

Brian C. Farrell, Esquire
1835 Market Street, Suite 515
Philadelphia, PA 19103
bfarrell@discrimlaw.net
(215) 569-1999

December 19, 2025                                    Attorney for Plaintiff Angela Thaxton

12